JAMES BURROW, ADM'R v. JOHN PETER DEBO ET AL.

*Laches—Denial of indorsements—Stale claim.*

One who waits to enforce a stale claim until long after the death of those who would have known whether anything remained due upon it, is in no position to deny indorsements indicating payments,

though made after the mortgagee's death and before administration was granted on his estate, but while his minor children were in the care of a guardian.

The dismissal of a foreclosure bill was affirmed where the mortgage was never recorded, and the mortgagee died twenty-nine years before suit, and no attempt to procure administration on the estate or to enforce the mortgage was made until after the mortgager's death, and there were indorsements indicating that nearly the whole sum had been paid, and some evidence of a counter claim that would have extinguished the rest of it.

Appeal from Wayne. Submitted Oct. 20. Decided Oct. 27.

FORECLOSURE. Complainant appeals. Dismissal affirmed.

*Fraser & Gates* for complainant.

*George W. Coomer* for defendant. The presumption of payment from lapse of time is strong enough to require clear proof to support a foreclosure decree where the debt has not been recognized for a period exceeding that which will bar action for real property: *Cowie v. Fisher* 45 Mich. 629; *Demarest v. Wynkoop* 3 Johns. Ch. 129; *Neely's Appeal* 85 Penn. St. 387; *Badger v. Badger* 2 Wall. 87; *Jarvis v. Albro* 67 Me. 310; *Inches v. Leonard* 12 Mass. 379; *Barned v. Barned* 21 N. J. Eq. 245; *Jackson v. Wood* 12 Johns. 242; *Bird v. Inslee* 23 N. J. Eq. 363; *Delany v. Robinson* 2 Whart. 503; *Eby v. Eby* 5 Penn. St. 435; *Moore v. Smith* 81 Penn. St. 182.

MARSTON, C. J. Complainant as administrator of the estate of Charles Burrow, deceased, commenced these proceedings in 1881 to foreclose a mortgage dated October 11, 1848, given by John Debo to said Charles Burrow to secure the payment of $350—payable $30 in one year from the date thereof, and $30 yearly until the whole sum should be paid without interest.

Charles Burrow, the mortgagee, died intestate May 15, 1852, and on the 24th day of January, 1881, administration was granted to complainant. John Debo, the mortgagor, died August 7, 1880. One Joseph Goodell was appointed

guardian of the minor children of Charles Burrow, deceased, and after his death and some time in 1877 this mortgage was found in the possession of his widow, which seems to to have been the first intimation any person had of late years of its existence. The mortgage was offered in evidence, with some very slight admissions of John Debo made shortly before his death in recognition of its existence and that it was not fully paid.

The mortgage when introduced by the complainants had endorsements thereon showing payments to have been made in the years 1849, 1850, 1851, 1852, 1853, 1854 and 1857— aggregating in amount the sum of $311.53, leaving a balance apparently due thereon of $38.47. The defendants introduced evidence of an indebtedness from Charles Burrow to the mortgagor, and sworn to by the latter May 12, 1851, for $140. The mortgage had never been recorded.

When we consider the date of this mortgage; that it was not recorded; that the mortgagee died in 1852; that there was no administration until 1881, nor effort made to enforce the same until after the death of the mortgagor,—in view of the meager testimony tending to show a balance due thereon, we think it would be very unsafe to grant a decree for any amount.

It is claimed by complainant that the endorsements purporting to be made thereon after the death of the mortgagee should not be considered, as no one had authority to receive payments thereon after the death of the mortgagee and before an administrator was appointed; citing *Cullen v. O'Hara* 4 Mich. 132; *Morton v. Preston* 18 Mich. 60, and subsequent cases upon the same point in this court.

The complainant comes into this court with a stale claim seeking equity. He has waited until after the death of the persons who, if living, could give valuable information upon these questions, and the mortgage when produced by him has endorsements thereon showing nearly the entire sum to have been paid. He is therefore in no position to repudiate or deny that the payments endorsed thereon were actually made at the times and for the sums they purport to speak of. The instrument having come apparently from the cus-

tody of the guardian of the mortgagee's minor children with these endorsements thereon, we may assume that the mortgagor made payments as indicated thereby, and if he did, a court of equity should not direct their payment a second time.   If we decline to recognize the endorsements made after the mortgagee's death, then we find that twenty-nine years have elapsed since any payments were made, and before the bill in this case was filed, and after this long delay and the changes that have occurred in the meantime, the complainant has no equities in his favor.

We are not satisfied that any sum remains due and unpaid upon this mortgage, and the decree of the court below dismissing the bill must be affirmed with costs.

The other Justices concurred.